## Case No. 11,172.

### The PIONEER.

[Blatchf. Pr. Cas. 61; [1] 18 Leg. Int. 349.]

District Court, S. D. New York. Oct. 26, 1861.

PRIZE—SALE OF PERISHABLE CARGO PENDING APPEAL—ACT OF MARCH 3, 1849.

1. The vessel and cargo having been condemned, and an appeal taken by the claimants to the circuit court, this court, on evidence that the cargo was perishable, and the vessel and cargo liable to deterioration, and on the consent of all the parties, directed the prize commissioners to sell the vessel and cargo at public auction, and to bring the proceeds of sale into court.

2. The act of March 3, 1849 (9 Stat. p. 378, § 8), commented on, in respect to the disposition of the proceeds of a sale by a marshal.

It appearing to the court that the cargo of the prize vessel herein is of a perishable character, and that both vessel and cargo are suffering, and will be subject to much deterioration in their condition and value, pending the appeal of the claimants from the decree of condemnation [see Case No. 11,171a] thereof, it is ordered that the prize commissioners of this court do forthwith take into their possession the said bark Pioneer, and her cargo laden on board, and procure the unlading and storage of said cargo, if the same or either be requisite for its present safety or advantageous sale, and that the said commissioners do then, and without delay, proceed to make sale of said vessel and cargo at public auction on due notice, unless a consent shall be filed herein, executed by all the parties, that such sale may be otherwise effected by said commissioners; and it is further ordered, that the proceeds of sale, deducting therefrom the necessary expenses thereof, and of such unlading and storage, if any, be forthwith brought into court by the said prize commissioners, to abide the further decree in this suit, together with a report of their proceedings herein, and a detailed account of their sales and expenses, to the end that the court may make such further directions as to the investment of such proceeds, pending this suit, as it may deem proper.

## Case No. 11,173.

### The PIONEER.

[Blatchf. Pr. Cas. 163.] [1]

District Court, S. D. New York. May, 1862.

PRIZE—ENEMY PROPERTY.

Vessel and cargo condemned as enemy property, and for an attempt to violate the blockade.

In admiralty.

BETTS, District Judge. This vessel and cargo were captured, as prize, on the 20th of February, 1862, at the mouth of the Rio Grande, Texas, by the United States ship of war Portsmouth. It being deemed unsafe to send the vessel into port for adjudication, she was destroyed by order of the commanding officer, and the cargo was transmitted to this port by another vessel, and was here seized and proceeded against by due process of court, regular notice having been given to all parties interested, according to law. The master of the vessel testified that he was present at her capture; that she was sunk, after the arrest, as being unseaworthy, and that

---

[1] [Reported by Samuel Blatchford, Esq.]                    [1] [Reported by Samuel Blatchford, Esq.]

her cargo was placed on the Rhode Island and brought to New York. The prize sailed under the Confederate flag, and had no other, and was cleared by the Confederate customhouse at New Orleans. Her cargo was tobacco, and she was cleared with it from New Orleans, where she was owned, for Brownsville, Texas. The cargo was owned and laden on board at New Orleans, and was enemy property. The owner of the vessel was also owner of part or the whole of the cargo. All persons on board the vessel knew, when the attempt was made to enter the port of Brownsville, that it was in a state of blockade by the United States, and had been from the time the blockade was imposed. No evidence is produced that the owners of the vessel and cargo had warning or particular notice that the port was then blockaded. The vessel was arrested two or three miles from the Texas shore, while attempting to enter the port of Brownsville. The purpose of the vessel to go from New Orleans to Brownsville, notwithstanding the blockade, is clearly shown to have been entertained by the owners of the cargo and vessel from the time the voyage was undertaken. The proofs are satisfactory that the vessel and cargo were enemy property, and subject to confiscation as such when arrested; and that, if any portion of the property be neutral, it was captured while making the attempt to violate the blockade of the port of Brownsville. Judgment of condemnation is accordingly rendered against both vessel and cargo.